JOSEPH CARDINAL, Doing Business under the Name of CARDINAL ENGINEERING COMPANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28951.)

Third Department, January 9, 1952.

*Thomas A. McDonald, James S. Tobin* and *Edward C. McDonald* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General* and *Henry S. Manley* of counsel), for respondent.

*Bernard Katzen, General Attorney, State Insurance Fund* (*William H. Stieglitz, Harry Schechter* and *Arnold M. Herzog* of counsel), for State Insurance Fund, *amicus curiæ.*

BERGAN, J. The United States Government as owner of the *S.S. Hilton* entered into a contract with Joseph Cardinal in 1944 for alteration of equipment on the vessel so that it could carry frozen cargo. It had been equipped for chilled cargo by a system utilizing ammonia.

Before the vessel was turned over by the United States to Cardinal to begin the work he was advised that the chilling system had been "purged" of ammonia. This was shown to have been required by sound practice where extensive alterations were to be made. It was also established that good practice required that the supply tank of ammonia be removed before the work begin.

The supply tank had not been removed by the United States and its gauge showed a pressure of gas when the vessel was turned over to Cardinal; his manager directed its removal but this was neglected. In the course of the work of conversion ammonia gas escaped into the vessel; a panic among Cardinal's employees occurred and they crowded and jammed a narrow stairway to the deck. Eighteeen received injuries from the inhalation of ammonia gas and one died.

Suits in admiralty based on these injuries were commenced in the Federal District Court against the United States as the owner of the vessel. The libels pleaded that the injuries were solely the fault of the United States. In each case the United States impleaded Cardinal and asked that Cardinal be required to "answer * * * the libel" filed against the United States which further alleged in its petition that the negligence, if any, was Cardinal's and that the United States was entitled to recovery over against Cardinal in the event of recovery against it.

In a second cause of action the United States pleaded a contract by Cardinal to indemnify the United States for damages sustained as owner of the vessel if liability accrued to it from the negligence of Cardinal.

The State Insurance Fund had issued to Cardinal a workmen's compensation and employer's liability insurance policy which included coverage of liability under the United States Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*). When Cardinal was brought into the Admiralty Court as a party on the petition of the United States he asked the insurer to defend him and to assume any liability that might be imposed. The insurer refused to defend; the assured retained counsel; the actions in admiralty were settled before trial by the United States and Cardinal acting together. There was no judgment or other judicial determination of liability.

The settlements totaled $145,000. Cardinal paid 60% of this sum, $87,000. He also paid the sum of $14,000 in legal fees for

the defense of the admiralty proceedings against him, an amount here conceded to be reasonable. For these sums, totaling $101,000, he contends the State of New York is liable as an indebtedness of the State Insurance Fund. The claim was dismissed by the Court of Claims after a trial.

The interpretation of the contract of insurance which was made in New York under a claim asserted in a New York court is to be governed by the law of the State; but the liability of the assured to his employees and to the United States for damages arising from injuries to his employees sustained on a vessel in a harbor is governed by the law of the United States. It would be useful, first of all, to inquire into the nature and extent of that liability to be measured against the insurance risks undertaken by the State Insurance Fund.

If the pleadings in admirality (the libels) against the United States and the pleadings of that libelee over against Cardinal in each case be read together, as they necessarily were read when the parties with the pleadings before them sat down at consultation to evaluate their risks and settle the cases, they must be deemed to have alleged joint or contributing negligence between Cardinal and the United States. From the facts as they occurred and as they have been established without dispute in the record before us, such common negligence could have been found by the court in admiralty.

In failing to purge the cooling system of ammonia before delivery of the ship to Cardinal, and in Cardinal's failure to take similar steps and to remove the tank before he began work, the negligence of both contributed to the injuries, or so it seemed the court could have found.

Under the law of admiralty which in this respect is quite unlike the rule applied by the New York courts, there would usually exist a right between parties negligently and commonly at fault to compel contribution one by the other for resulting damages to third parties. This right of contribution as it was noted over forty years ago by Justice HOLMES is not a procedural matter but rather belongs to the substantive law of admiralty. (*The Ira M. Hedges*, 218 U. S. 264, 270.)

But contribution has also been said by the courts of the United States to rest on liabilities of the joint wrongdoers to the injured party on an equal level and of the same kind; it must come from a " common " liability in the sense of an identical kind of responsibility. Where the claim is by an injured employee protected by the provisions of the Longshoremen's and

Harbor Workers' Compensation Act against a third party, the liability of the employer in turn to the third party is not regarded under United States law as the kind of joint wrong-doing that will create a common liability. Different rules apply, and the risks differ in substance. For such a liability there is no right to compel contribution (*American Mut. Liability Ins. Co.* v. *Matthews,* 182 F. 2d 322).

There could therefore be no liability imposed on Cardinal in favor of the United States under the facts pleaded except upon the ground of breach of contract, either of express indemnity or of the indemnity for damage which may be implied from an agreement for performance of work with proper care.

The employer's independent duty to indemnify the third party proceeded against by an injured employee is enforcible upon this theory in admiralty, even though under the statute law of the United States no direct action by the employee could be maintained against the employer. (*Rich* v. *United States,* 177 F. 2d 688.)

This right of recovery over against the employer by the third party is distinctly placed on the ground of contract, and such an evaluation was given to the *Rich* case (*supra*) by SWAN, J., in *American Mut. Liability Ins. Co.* v. *Matthews* (*supra,* p. 324). He felt that case turned upon a breach "of a contractual duty * * * to do the work properly."

The rule in New York, which is quite similar in theory and in effect might be compared. The leading case is *Westchester Lighting Co.* v. *Westchester Co. Small Estates Corp.* (278 N. Y. 175) which turned upon the contractual duty of the employer to the third party to perform the work with due care; the cause of action being recognized as one in quasi contract.

Therefore the United States in its petition for relief over against Cardinal could not have recovered any share of the money which it might have been required to pay to Cardinal's injured workmen because it and Cardinal had jointly or in common been negligent in the occurrence of the injuries.

If, as the libelants alleged in their libels, the United States as the owner of the vessel was " solely and exclusively " to blame, no liability against Cardinal as a result of these suits was, of course, possible. Therefore, the only admissible basis for liability against Cardinal under the facts, the pleadings in admiralty, and under the law of the United States, was by virtue of contract.

We turn then to the policy of insurance written by the State Insurance Fund, the provisions of which we are required to construe according to the law of New York. By the terms of the policy the State Insurance Fund agreed to indemnify Cardinal against loss by reason of liability imposed by law upon him on account of injuries to his employees including liability imposed upon Cardinal by reason of a suit or claim '' brought against him by another '' to recover damages against such other party by an employee arising out of and in the course of employment.

But this agreement expressly excluded from its coverage any '' liability assumed by the employer under any contract '' with any other party. The exclusion, therefore, relieves the carrier of obligation to indemnify Cardinal from the only remaining basis of liability that was left open in the actions maintained in the Admiralty Court.

We conclude that the State Insurance Fund was not required to '' indemnify '' Cardinal '' against loss by reason of liability imposed upon him by law '' under the facts established. Nothing that the State Insurance Fund in its letters of inquiry and tentative offers to assume some responsibility in the course of negotiations for the settlement of the cases operated to broaden the kind of indemnity it had undertaken to provide in its written contract or to estop it from a reliance upon the terms of the contract.

The appellant urges upon us with a considerable insistence the thesis that even if its liability to the United States was contractual, the contract expressed merely what the law required and that, therefore, the contract exclusion provision of the policy is inoperative. But if we are right in thinking that the law is otherwise then liability rested only on contract and this argument falls.

It must be admitted that there are certain over-all equitable considerations which favor appellant's general position, but we feel we cannot cement them into this judgment. Appellant, by its voluntary settlement, paid its injured workmen for injuries incurred in the course of employment which covered some of the same ground that the carrier would be required to cover under the appropriate compensation proceedings and it would be equitable to see to it that this part was made good.

But the claims were deliberately not prosecuted as compensation claims, or for a cause cognizable under the Federal compensation statute. In the form selected for presentation of the

claim in a court, the assured had full immunity from direct relief to the injured employees against him and all compensation policies are written with that kind of immunity as a basic assumption in evaluating the risk.

The final word has not, perhaps, been said judicially about third-party claims against employers based on injuries in the course of employment, and there are some residual problems which may need further examination in the light of experience as this practice develops or takes directions not now clearly visible. The unanticipated perils to which the employer may be exposed is one side of this; the unanticipated risks to which the carrier may be exposed in a common-law action — or a suit in admiralty — is another side of it.

We are of opinion, however, that the State Insurance Fund was required by its contract of insurance to have defended Cardinal in the third-party action against him asserted by the United States, because the obligation to defend under the policy is very much broader than the obligation to indemnify against a liability " imposed by law ". The insurer agreed that it would defend conditionally; and the condition that it imposed not having been met, it declined to provide a defense. We regard its obligation in this respect as unconditional.

The policy provided that the insurer " will defend " suits or proceedings which may " be instituted against him on account of such injuries [to employees] * * * although such suits, other proceedings, allegations or demands are wholly ground-less ". This obligation has been construed to apply to suits by employees and not to suits by third parties, since it refers to suits " on account of " such injuries. (*Treadwell Co.* v. *United States Fidelity & Guar. Co.*, 275 N. Y. 158, 163.)

But the United States, which was sued by Cardinal's employees for injuries in the course of their employment with Cardinal, in bringing Cardinal into the Admiralty Court as a party prayed in its petition in each case that citation issue to Cardinal to answer " the libel " which was a cause of action asserted by the employee for injury in the course of employment.

This was a " groundless " proceeding as a matter of law because the statute law of the United States protected Cardinal from that kind of liability, but nevertheless it was a " proceed-ing " alleging such injuries to employees and asking damages therefor, in the literal sense of the contract of insurance. The case differs, therefore, from the *Treadwell* case (*supra*) and the insurer was here required to defend even though it knew the

court would not assess damage against its insured on this ground if a proper defense was asserted. Such a defense was its obligation.

We think, also, that the State Insurance Fund was within its statutory right to agree, as part of its contract of insurance, to undertake this defense, which is a standard undertaking in that kind of contract, is a common incident to compensation insurance, and has a foundation of long practice. The defense required to be undertaken was a defense in some part against claims asserted by employees. An agreement thus to defend does not offend against any of the terms of the language of the statute authorizing the contracts of the State Insurance Fund as we read that language.

The Court of Claims placed its decision as to the liability branch of the claim in part on the ground that the State Insurance Fund had no statutory authority to insure against liability to a third party. We think for the reasons that we have stated that no such liability was shown, and hence it is unnecessary to reach that question which in view of the legislative clarification afforded by chapter 306 of the Laws of 1951, would now become academic as to future cases. The relationship between the State and the State Insurance Fund is such that its liabilities are those of the State and are enforcible in the Court of Claims.

The judgment should be modified by affirming that part of it which dismisses the claim based on indemnity for the settlement made in the Admiralty Court and reversing on the law and the facts that part which dismisses the claim for reimbursement for legal expenses and by granting judgment on such part of the claim in favor of the claimant for $14,000 with appropriate findings to be settled on notice.

Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.

Judgment modified by affirming that part of it which dismisses the claim based upon indemnity for the settlement made in the Admiralty Court and reversing, on the law and facts, that part which dismisses the claim for reimbursement for legal expenses and by granting judgment on such part of the claim in favor of the claimant for $14,000, with appropriate findings to be settled on notice.