Marvin B. Dye, J.
The claimant, a domestic corporation, seeks a refund of an alleged excess of a fee charged by and paid to the State Liquor Authority for the issuance of a license.
It is undisputed that on or about July 17, 1962, the claimant filed an application with the New York City Alcoholic Control Board and the State Liquor Authority for a restaurant liquor license for premises located at 1925 Church Avenue, Brooklyn, N. Y., and paid the prescribed license fee then “ due and payable therefor” in the amount of $800. On November 27, 1962, the Liquor Authority disapproved the application and refunded the sum of $785, being the fee theretofore paid less certain authorized charges. The claimant then instituted a proceeding pursuant to article 78 CPLB to review the adverse determination, which was terminated by an order of the Appellate Division, Second Department, directing that the determination of the Authority should be annulled and the license should be issued. *430 A judgment entered thereon was duly filed in the office of the County Clerk of Kings County, on October 31, 1963 (Matter of China City v. New York State Liq. Auth., 19 A D 2d 832). Before issuing the license thus authorized, the Authority demanded payment of the sum of $1,500, that being the prescribed fee for “ a license year expiring on the last day of February following the date of its issuance ” (Alcoholic Beverage Control Law, § 66, subd. 4; § 67, subd. 1, par. [b]). The claimant-applicant paid the fee under protest, claiming that it should have been prorated as of the date of the issuance of the license (Alcoholic Beverage Control Law, § 67, subd. 2).
The sole question posed is one of law. Briefly stated, it is whether the fee to be paid in advance of the issuance of a license for a period less than a license year is to be calculated on the basis of “ the license year expiring on the last day of February following its issuance ” or only for the balance of the unexpired license year. We look to the applicable statute for the answer. Section 67 (subd. 1, par. [b]) of the Alcoholic Beverage Control Law in pertinent part provides that ‘ ‘ each license issued pursuant to this article shall be effective for a license year expiring on the last day of February following the date of its issuance ”, which is to say that all licenses in the designated category, whenever dated, are to have a uniform expiration date, thus providing administrative convenience.
On the other hand, the Legislature recognized that when it came to charging the fee, the date of issuance should be taken into consideration and did so by providing that “ the license fee prescribed therefor * * * shall be the license fee due and payable therefor ” (cf. § 66, subd. 4), which language, when read in context, has reference to the license “ expiring on the last day of February following the date of its issuance ”.
The statute then prescribes the method and manner of payment by providing that the license fee “ due and payable therefor * # * shall be paid in advance at the time the application shall be made ”.
The State would have us read and apply the words “ at the time the application shall be made ” as a warrant for charging a fee “ due and payable ” for a full license year and this because the original license application bears date July 17, 1962 which antedates the commencement of the license period ending the last day of February, 1964.
We do not read the statute as requiring such a result. The words “ at the time the application is made ” have reference to the time and manner and payment of the fee and not of the *431 amount thereof, which, as we have already pointed out, is to be the fee prescribed by the preceding section (§ 66, subd. 4) “ for a license year expiring on the last day of February following the date of its issuance ”.
There is much more to section 67 than paragraph (b) of subdivision 1. We must also read subdivision 2 which is equally pertinent, for it has reference to the situation where the license application is for less than a license year, in which event the prescribed fee ‘1 shall, for the balance of the license year, be in proportion as the remainder of such year shall bear to the whole year, except that it shall in no case be for less than one-half of such year.” When we read all parts of the act as a whole, it seems manifest that the Legislature intended the license fee due and payable was to be a fee commensurate with the period for which the license was issued, either for a license year or for a period less than a license year.
In the ordinary noncontroverted case the payment of the prescribed fee “in advance at the time the application shall be made ” as a matter of administrative practice presents no difficulty for the simple reason that the application and the issuance of the license applied for, whether for the whole or a part of the license year, are contemporaneous in point of time. It is when this routine has been interrupted by prolonged litigation that a wholly different situation is presented, for then the application and the issuance are so removed in point of time that the license issued is not the one applied for, but the one authorized and directed to be issued by the judgment of the court in the article 78 CPLR proceeding. When this happens, as it did here, the statute must be read in light of all its parts (McKinney’s Oons. Laws of N. Y., Book 1, Statutes, § 97), for it is only by so doing that the intention of the Legislature may be ascertained (McKinney’s Oons. Laws of N. Y., Book 1, Statutes, § 96). For the purpose of fee charging, nothing turns on whether the application is or is not controverted, for upon approval in either event, the applicant is to pay a fee based on the license actually issued. When the application is controverted, its force and effect is necessarily suspended until its validity is finally determined which, in this instance, was October 31,1963. The date July 17, 1962, appearing on the original application, had been rendered academic by passage of time and no longer afforded a basis for fixing the date of the issuance of the license applied for. Only the date October 31, 1963 was pertinent. Even if we assume that the license thus authorized could be back-dated to the beginning of the license year, in this case March 1, it would be of no *432 value to the licensee, for until the license was actually in hand, there could be no beneficial enjoyment and then only for the balance of the current license year.
The jurisdictional challenge made by the State is without merit. The issue posed falls squarely within the competence of the Court of Claims to deal with as a matter of law. The court is not called upon to resort to equitable principles and could not do so even if it were, for as we know, the Court of Claims is without equitable jurisdiction (Court of Claims Act, §§ 8, 9).
The cases relied on by the State are not apt. Psaty v. Duryea (306 N. Y. 413) dealt with a jurisdictional problem posed for a lack of equitable power in the Court of Claims and for lack of power in the Supreme Court to hear an action against the State. In Ferend Co. v. State of New York (251 App. Div. 13, affd. 277 N. Y. 593) equitable relief was sought to correct a mistake in a bid for a public contract after an acceptance.
In 18 East 48th St. Corp. v. State of New York (19 A D 2d 940) judgment of the Court of Claims in favor of petitioner amending a certificate of incorporation nunc pro tunc and directing a refund of payment of an excess of the fee was reversed and the petition dismissed on the ground that the court lacked equitable powers. Such action had been resorted to as a device to alleviate an error in a resolution adopted by the petitioner’s board of directors which, as filed, indicated an increase in the number of its shares of stock when, in fact, a stock split was intended.
This is not a case where a fee or tax paid voluntarily may not be recovered (Adrico Realty Corp. v. City of New York, 250 N. Y. 29; Peyser v. Mayor of City of New York, 70 N. Y. 497). Quite the contrary. Payment here was made under protest, for the applicant was faced with either payment of the fee charged, going without a license for the balance of the year, or being exposed to the expense, delays and frustrations incident to the processing of a new application which, for all practical purposes, could not be substantially different from the application judicially approved in the article 78 proceeding (cf. Mercury Mach. Importing Corp. v. City of New York, 3 N Y 2d 418).
Here, there was no unintentional mistake or misunderstanding. The issue turns not on equitable considerations, but on what the Legislature intended.
“The law”, as Van Vooehis, J. (then Associate Justice), put it, “ should be deemed settled by a long line of cases that to avoid an unintended result a statute should be given a rational interpretation, consistent with achieving its purpose and with justice and common sense ”. (Matter of Drake v. *433 Comptroller of City of New York, 278 App. Div. 317, 322.) To the same effect, see Lanvin Parfums v. Le Dams, Ltd. (12 A D 2d 104).
Accordingly, the effective date of the application must be deemed the date of its validation, to wit, October 31, 1963, and to be an application for the license then presently available and that the fee chargeable therefor was the fee due and payable for the balance of the license year, in this instance $800. When the statute is so read, the State was without authority to demand a fee for the full license year (§ 67, subd. 1, par. [b]), but was limited to the fee due and payable for the balance of the license year (§ 67, subd. 2).
The claim is timely filed and has not been assigned either in whole or in part, or submitted to any other tribunal.
Accordingly, I find that the State has collected $700 in excess of the amount legally due it and that as matter of law, the claimant is entitled to a refund of such excess payment with interest from November 1, 1963.