VERN NORTON, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46332.)

Third Department, December 22, 1966.

*Louis J. Lefkowitz, Attorney-General (Robert L. Harrison* and *Ruth Kessler Toch* of counsel), for appellant.

*Leonard H. Rubin, Max E. Greenberg* and *Emanuel Harris* for respondent.

GIBSON, P. J. Appeal is taken by the State from a judgment of the Court of Claims entered upon an order of that court which granted claimant's motion for partial summary judgment upon a claim for damages for alleged breach of contract; the sole issue in this court arising upon appellant's contention that "summary judgment is not available in the Court of Claims."

Appellant's argument is quite simply stated. Under CPLR 3212 (subd. [a]), summary judgment may be granted only "after issue has been joined." Issue is joined, continues appellant, only after a responsive pleading is served; and since rule 13 of

the Rules of the Court of Claims provides that no responsive pleading must be served by the State and since none was served here, issue was never joined and summary judgment is unavailable.

Neither the Court of Claims Act nor the Rules of the Court of Claims specifically authorize the remedy of summary judgment. The Court of Claims Act does provide that " except as otherwise provided by this act or by rules of this court or the civil practice law and rules, the practice shall be the same as in the supreme court." (Court of Claims Act, § 9, subd. 9; and see CPLR 101.) The Civil Practice Law and Rules do, of course, make provision for summary judgment, and, so far as here pertinent, provide: " (a) Time; kind of action. Except as provided in subdivision (d) with respect to a matrimonial action, any party may move for summary judgment in any action, after issue has been joined." (CPLR 3212, subd. [a].) Attaching significance to the phrase " after issue has been joined ", in the quoted subdivision (a), the State argues that under Court of Claims practice " issue " is never " joined ", by explicit provision of law at least, and hence that no right to move for summary judgment in the Court of Claims ever matures in point of time.

It is true that in the Court of Claims issue is not joined by service of an answer, inasmuch as rule 13 of the Rules of the Court of Claims provides that, " The state is not required to answer a claim and all allegations in the claim are treated as denied." The appellant contends, further, that, within the contemplation of CPLR 3212 (subd. [a]), issue can be joined *only* by service of an answer. To support this argument, appellant compares CPLR 3212, providing for summary judgment " after issue has been joined ", first, with its predecessor, rule 113 of the Rules of Civil Practice, providing that, " When an answer is served in an action, 1. In any action, after issue has been joined, any party may move for summary judgment " and, second, with CPLR 3211 dealing with motions to dismiss on any of 10 stated grounds and providing, among other things, that such a motion may be made " at any time before service of the responsive pleading is required ". Thus, appellant asserts, when rules 3211 and 3212 are read together it must be found that " after issue has been joined " (CPLR 3212) means after " service of the responsive pleading " (CPLR 3211).

We believe it unnecessary, however, to seek or apply so strictly technical and exclusive a definition of terms, however accurate that definition may be generally, and for most purposes. The summary judgment process classically and necessarily requires

that the issues be first exposed and delineated; since " ' issue-finding, rather than issue-determination, is the key to the procedure ' ''. (*Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404, mot. for rearg. den. 3 N Y 2d 941.) To that end, joinder of issue, in the larger sense of the term, is obviously an essential prerequisite; but certainly it is not important that this initial step necessary to examination of the issues be taken by formal service of a written answer or other responsive pleading containing appropriate denials when exactly the same result is reached in the Court of Claims by operation of rule 13 providing that " all allegations in the claim are treated as denied." Analogous is the provision applicable in other courts that statements of a pleading to which no responsive pleading is permitted " are deemed denied or avoided." (CPLR 3018, subd. [a].) In the Court of Claims the general denials effected by rule 13 serve the purposes of an answer, thus immediately and explicitly establishing the issues. Consistently, rule 5 of the Rules of the Court of Claims provides that, " The date of issue is the date of filing the claim in the Clerk's office at Albany."

Thus, in this case, " issue has been joined " for purposes of the summary judgment rule. (CPLR 3212, subd. [a].) The Attorney-General's brief suggests no other barrier to the utilization of that salutary remedy and we find none.

The judgment should be affirmed, with costs.

HERLIHY, REYNOLDS, STALEY, JR., and BRINK, JJ., concur.

Judgment affirmed, with costs.