Alexander Del Giorno, J.
Originally there were three separate claims for personal injury and wrongful death arising out of an accident which occurred during the construction of a portion of the Cross-Bronx Expressway. These claims were filed separately under the following headings:
M. Ramos v. State of New York, M. Flynn as Adm. v. State of New York and R. M. Loustarinen as Adm. v. State of New York.
Subsequently, the parties stipulated to a consolidation and, pursuant to an order dated January 31, 1967, all the claims were consolidated for all purposes under Claim No. 39423, bearing the title and action number as first appears herein.
Thereafter, counsel for the intestates Flynn and Loustarinen moved for an order granting summary judgment, and claimant Ramos, in separate papers, moved for the same relief. The State has cross-moved in both.
The particular area of the Expressway involved was being constructed by Johnson, Drake & Piper, Inc., as general contractor under a contract entered into with the State of New York. The claimant Ramos, and the intestates Flynn and Loustarinen were carpenters employed by the general contractor. On *931 August 11,1959, all three were working inside temporary forms which had been erected by the general contractor. These forms collapsed, causing injury to Ramos and the deaths of Flynn and Loustarinen. Claimants initially commenced an action in the Supreme Court, Bronx County, naming the engineering firm of Shumavon and Buckley as defendant. After trial, a jury award in an aggregate amount of $400,000 was entered in favor of claimants. On appeal to the Appellate Division, this verdict was set aside on the law and the facts, and the complaints dismissed. (Ramos v. Shumavon, 21 A D 2d 4 [1st Dept., 1964].) The order of dismissal was subsequently affirmed by the Court of Appeals. (Ramos v. Shumavon, 15 N Y 2d 610 [1964].) Thereafter, claimants proceeded with the present claims against the State of New York.
Although neither the Court of Claims Act nor the Rules of the Court of Claims specifically authorize the remedy of summary judgment, the Court of Claims Act does provide that “ except as otherwise provided by this act or by rules of this court or the civil practice law and rules, the practice shall be the same as in the supreme court.” (Court of Claims Act, § 9, subd. 9; CPLR 101.) It is now settled that the scope of this language is sufficient to encompass and make available the salutary remedy of summary judgment to litigants in this court. (Vern Norton, Inc. v. State of New York, 27 A D 2d 13 [3d Dept., 1966].)
The motions made on behalf of claimants rely upon the same arguments and documents. Accordingly, the court will consider them both as one combined motion which, in view of the order of consolidation, should have been the procedure followed. Claimants initially contend that the jury verdict in the Supreme Court encompassed a finding that the shoring wall of the temporary forms was negligently erected, and this finding of negligence is res judicata as against the State of New York. However, the judgment entered upon that verdict was subsequently reversed and the case dismissed. In order for claimants to rely upon the doctrine of res judicata, “there must be a judgment, as verdicts or other findings not followed by judgment are not binding”. (Rudd v. Cornell, 171 N. Y. 114, 127 [1902].)
In any event, the question of lack of a final judgment aside, the contention that the jury finding is res judicata cannot be sustained for the following reasons. Even if it were true that the collapse of the forms was due to their improper erection and maintenanace by the general contractor, this finding may not be used “ offensively against the State of New York which *932 was not a party thereto. The doctrine of res judicata, or more particularly, the doctrine of collateral estoppel, is a principle of law which estops one from asserting or denying issues of fact and law because they have previously been determined in an action in which the party or someone in privity with him has participated. However, it is unquestioned that this doctrine should not be used if its applicability deprives a party of his day in court. (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590 [1958].) “It is essential that the party sought to be estopped be identical to, or a strict privity with, the party who previously had his day in court and lost.” (People v. Lo Cicero, 14 N Y 2d 374, 380 [1964].) Since neither the State of New York nor anyone in privity with it was a party to the prior Supreme Court action, collateral estoppel may not be urged against it. Moreover, the question of identity of parties apart, a primary consideration in the application of the doctrines of res judicata and collateral estoppel is that there must also be identity of issues present. (B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141 [1967].) On the present motion, issues have been raised pertaining to a contract entered into between the State and Federal Government, together with the administrative regulations relative thereto, which were not present in the earlier trial. Clearly then, it cannot be said that there exists that identity of issues which is essential to the application of these doctrines.
In addition to the above contention regarding res judicata, claimants also press the argument on this motion that the State of New York in preparing for the construction of the Cross-Bronx Expressway, entered into a contract with the United States Government. Under the terms of this contract, the Federal Government authorized the allocation of funds for highway construction pursuant to the provisions of the Federal Highway Act Program. (U. S. Code, tit. 23.) Belying upon this statute and the contract, as well as the implementation thereof by the regulations enacted by the Department of Commerce entitled ‘ ‘ Administration of Federal Aid for Highways,” claimants argue that a duty was imposed upon the State to supervise all safety features and work practices during the construction period. They further contend that this duty Avas breached and, therefore, claimants are entitled to summary judgment as a matter of law. In support of this argument, claimants refer to section 114 of .title 23 of the United States Code. That section provides: “ The construction of any highways or portions of highways located on a Federal-aid system shall be undertaken by the respective State highway departments *933 or under their direct supervision ”. Thus, claimants in effect are alleging that in entering into a contract with the Federal Government to obtain Federal funds for highway construction,, the State obligated itself to be directly responsible for all safety features and work practices. The court does not agree. It appears to this court that all that was intended by section 114 was to relieve the Federal Government from the obligation of supervising and controlling the over-all planning, design and construction details of the numerous State highway projects receiving financial benefits under the Federal Highway Aid Program. That the State was not to have the duty of supervising safety or work practices appears clear from section 1.17 of the regulations which were promulgated by the Bureau of Public Roads, Department of Commerce, for the administration of this program. This section reads in pertinent part as follows: ‘ ‘ the contractor shall provide all safeguards, safety devices and protective equipment and shall take any other actions reasonably necessary to protect the life and health of persons working at the site of the project. ” (Emphasis supplied). (Code of Fed. Reg., tit. 23, § 1.17.) Nor does the language of the contract itself, a copy of which was annexed to the moving papers, permit of the interpretation demanded by claimants. If any such imposition of duty were intended to be created against the State of New York, and in favor of the individual workmen, such duty would have been clearly expressed in the language of the contract. However, the contract is devoid of any such provisions. Accordingly, the motions for summary judgment are denied.
With respect to the cross motions for summary judgment made on behalf of the State, the court is of the opinion that these must also be denied. The papers presented in support thereof are insufficient to allow the court at this time to state that this claim has no merit or to make a determination that no triable issues of fact remain.