TRAVELERS INDEMNITY Co., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim Nos. 48813, 49547.)

Third Department, December 4, 1969.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Grace K. Banoff* of counsel), for appellant.

*Donovan, Donovan, Maloof & Walsh (John P. Walsh* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order and judgments of the Court of Claims entered thereon granting summary judgment in an amount equal to that part of respondent's contribution to the Motor Vehicle Liability Security Fund which is attributable to premiums for uninsured motorist insurance.

The State first urges that the Court of Claims lacks jurisdiction over the instant case. However, the claim here involved is for a refund of moneys paid into a State fund and thus we find that the Court of Claims had jurisdiction (cf. *Guaranty Trust Co. of N. Y. v. State of New York*, 299 N. Y. 295, rearg.

den. 300 N. Y. 498; *Cardinal* v. *State of New York*, 279 App. Div. 326, mod. 304 N. Y. 400, rearg. den. 304 N. Y. 732, cert. den. 345 U. S. 918). The fact that in deciding the issue of respondent's entitlement to a refund the Court of Claims had to pass upon the validity of a determination made by the Superintendent of Insurance does not affect this conclusion. In comparable situations two separate actions have not been required (see *China City Corp.* v. *State of New York*, 51 Misc 2d 429) and, of course, such a position favors efficient judicial administration. Nor does section 34 of the Insurance Law dictate a different result here. Section 34 does not mandate review of a Superintendent's determination *solely* by an article 78 proceeding to the exclusion of raising such issue in the instant suit for a refund in the Court of Claims. Rather it is clear from the legislative history that section 34 was written in its present form to insure that all and not just some of the determinations made by the Commissioner were reviewable by an article 78 proceeding. (See *Matter of Guardian Life Ins. Co. of Amer.* v. *Bohlinger*, 308 N. Y. 174, rearg. den. 308 N. Y. 810; memorandum of State Insurance Department in support of chapter 932 of the Laws of 1956 [N. Y. Legis. Annual, 1956, p. 274].) Accordingly, we find jurisdiction properly exercised by the Court of Claims.

With respect to the merits, section 333 of the Insurance Law defines '' Net direct written premiums '' upon which payments are calculated as those '' written on policies, insuring against legal liability arising out of the ownership, operation or maintenance of motor vehicles which are principally garaged in this state ''. Uninsured motorist premiums are not paid to insure against the policyholder's '' legal liability '' as we interpret that term to be used in this definition and thus are not within the statutory basis for computing fund payments. We cannot concur in the State's construction that '' premiums written on policies, insuring against legal liability '' means premiums on all mandatory payments of the liability policy including the uninsured motorist premiums. In fact, the Superintendent's own exclusion of medical coverage premiums negates such a construction.

The order and judgments should be affirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order and judgments affirmed, with costs.