■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61687.)—Appeal from an order of the Court of Claims, entered October 27, 1977, which granted claimant's motion to file a late claim. On August 2, 1972, claimant filed a UCC-1 financing statement in Richmond County and with the Secretary of State. The financing statement indicated that claimant held a security interest in all of the "chattels, fixtures and articles of personal property attached to or used in connection with" the premises of Ambrose Coppotelli, Inc., the owner and mortgagor of premises at 2566 Hyland Boulevard, Staten Island, New York. On August 20, 1976 and September 2, 1976, tax warrants for unpaid sales taxes were filed in Richmond County Clerk's office in the total sum of $62,007 against Ambrose Coppotelli, Inc. On August 30, 1976, claimant was served with a New York State tax levy in the amount of $47,007 naming Ambrose Coppotelli, Inc., as the judgment debtor and claimant as garnishee. The levy did not identify specific property in claimant's possession, nor did it state that the State Tax Commission was intending to sell the personal property of the premises subject to claimant's lien. On September 10, 1976, the State Tax Commission conducted a sale of the debtor's personalty at the premises after having advertised in two newspapers of general circulation in the area and after posting timely notices, which sale realized the sum of $19,850. A representative of the State Tax Commission concededly had a telephone conversation with an

employee of claimant on September 9, 1976 about claimant's prior filed financing statement, although he failed to disclose that it planned to sell the collateral the very next day. Claimant first learned of the September 10, 1976 tax sale on January 5, 1977 when its officials attended a foreclosure sale of a third mortgage on the premises, and were informed of the prior State sales tax auction of the personal property. Almost three months after learning of the sale and approximately six months following the sale, claimant wrote the State Tax Department of its prior security lien, and requested remittance of the proceeds from the auction. On May 13, 1977, claimant was advised by the State Tax Department that the auction sale was authorized under the Tax Law, conducted pursuant to the provisions of CPLR 5233, and involved only the rights, title and interest of the taxpayer in the property which was sold. Claimant was further advised that "If you believe you have any rights to assert, it would seem appropriate for you to take action under the Court of Claims Act." On July 1, 1977, claimant moved for an order permitting it to file a proposed claim for trespass, conversion and unjust enrichment by the State for seizing, selling and retaining the proceeds of the sale of property on which the claimant held a prior perfected security interest. The Court of Claims held that claimant's delay in filing its claim was excusable, and that its claim appears to be meritorious. Subdivision 6 of section 10 of the Court of Claims Act provides that a claimant who fails to file a claim or notice of intention within the time limited for filing a claim may, in the discretion of the court, be permitted to file such claim. Claimant asserts it had no knowledge of the sale by the State Tax Commission until January 5, 1977, which was 117 days after the event occurred. When claimant learned it had a claim, it investigated the facts to determine who had the proceeds and, on April 4, 1977, addressed inquiries about recovery to the State Tax Commission. Claimant did not receive a reply until May 13, 1977, after which it referred the matter to its attorney who moved for permission to file the late claim on July 1, 1977. The Court of Claims noted that the State Tax Commission knew of claimant's perfected security interest before the sale, and failed to inform claimant of the proposed sale, and that under these facts the delay was excusable. We agree. Further, no prejudice would result to the State by permitting claimant to file the late claim since the State has retained the proceeds of its alleged wrongful conduct. No prejudice arises simply because claimant failed to make a timely filing, and the State cannot contend that its position has been prejudiced. In addition, based on the allegations in the proposed claim and the papers filed in support of the motion, the claim appears to be meritorious. Order affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.