■ DOMINICK DAN ALONZO, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62232.)—Appeal from an order of the Court of Claims, entered September 13, 1978, which dismissed the claim for lack of subject matter jurisdiction. Pursuant to a declaration of emergency by the Department of Correctional Facilities, claimant contracted with the State to perform construction work. After performance of the work called for by the contract had begun, an article 78 proceeding was commenced in the Supreme Court to declare the contract illegal. While that proceeding was pending, the State advised claimant that the contract was legal and that liquidated damages of $1,000 a day would be assessed if the construction were not timely completed. Claimant continued to perform under the contract. Thereafter, the article 78 proceeding, to which claimant was a party, culminated in a judgment that the contract was illegal due to the State's failure to comply with required procedures for public bidding *(Matter of General Bldg. Contrs. of N. Y. State v State of New York,* 89 Misc 2d 279). When claimant sought payment for the work it had performed, the State refused to pay. However, in recognition of the financial plight of claimant and other similarly situated contractors, the Legislature enacted the Laws of 1977 (ch 101, § 1) which authorized payment to contractors for such work in an amount to be determined by the Comptroller and the Commissioner of the Office of General Services. Claimant submitted expenses of $416,162, and when reimbursed, for only $313,773, it commenced this action in the Court of Claims to recover the difference and other fees allowed by the legislation. The court, however, dismissed the action for lack of subject matter jurisdiction, reasoning that, absent a valid contract, claimant had no cause of action and that the remedial legislation did not confer jurisdiction on the Court of Claims to determine an action predicated on an illegal contract. We do not agree. The Laws of 1977 (ch 101, § 1) recognized the State's clear "moral obligation" to reimburse contractors in the position of claimant who had in good faith performed work under a public contract later declared illegal. It granted claimant and other contractors similarly situated the right to reimbursement for specified items of costs. Although the Legislature did not expressly confer jurisdiction on the Court of Claims, we conclude that the absence of such a provision does not foreclose that court from exercising jurisdiction where, as here, there is a claim that State officials have not properly reimbursed contractors for work and services in

accordance with the criteria set forth in the legislation. Whether the claim here is designated as one for the breach of an implied contract or for unjust enrichment,* is of no significance because the Legislature has bestowed upon claimant a statutory cause of action over which the Court of Claims may exercise jurisdiction. We do not think that the Legislature would create a cause of action against the State and fail to provide a proper forum for its enforcement. Furthermore, we conclude that the availability of an article 78 proceeding to review the rationality of a State official's action (see *Matter of T.P.K. Constr. Corp. v O'Shea*, 69 AD2d 316, 318) does not preclude the Court of Claims from exercising jurisdiction over a claim for money damages created by the Legislature (cf. *Travelers Ind. Co. v State of New York*, 33 AD2d 127, affd 28 NY2d 561). Accordingly, a claimant, dissatisfied with the amount of reimbursement authorized by State officials pursuant to the legislation, is entitled to bring suit in the Court of Claims. Order reversed, on the law, claim reinstated, and matter remitted for further proceedings not inconsistent herewith, without costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.

---

* While the Court of Claims has limited equity jurisdiction (see *Matter of Silverman v Comptroller*, 40 AD2d 225, 226), subdivision 1 of section 12 of the Court of Claims Act provides, in part, that "No judgment shall be granted on any claim against the state except upon such legal evidence as would establish the liability against an individual or corporation in a court of law or equity." Furthermore, section 9 of the Court of Claims Act specifically confers jurisdiction in cases of implied contract, a classification which includes quasi-contractual actions founded upon the equitable doctrine of unjust enrichment. (*Community Nat. Bank & Trust Co. of N. Y. v State of New York*, 68 AD2d 999; see *Miller v Schloss*, 218 NY 400.)