OPINION OF THE COURT
Adolph C. Orlando, J.
Claimant moves for partial summary judgment pursuant to CPLE 3212.
This claim arises out of Senate Bill S-6883 that was signed into law by the Governor on July 20, 1981.
On June 21, 1937, claimant Isidore Zimmerman was indicted by a New York County Grand Jury for the crime of first degree murder, allegedly arising out of a robbery of an after-hours club that resulted in the death of a New York City police officer.
Claimant was tried with a codefendant before a jury from March 18 to April 14, 1938, found guilty of murder and sentenced to death on April 22, 1938.
Hours before this claimant’s life was to be terminated by the State of New York by execution in the electric chair, Governor Lehman commuted his sentence to life imprisonment. In 1962 the Court of Appeals sustained a writ of *522 error coram nobis, reversed the conviction and ordered a new trial. That court found that a key prosecution witness had testified falsely. The witness had previously made statements to the prosecutor that were materially inconsistent with his later testimony at the trial. The prosecutor knew of such statements, failed to correct the falsehood and thus, denied the court and defendant an opportunity to examine the statements.
The Court of Appeals found the prosecutor’s conduct so prejudiced the defendant’s right to a fair trial that it was tantamount to a suppression of evidence. As a result the claimant was deprived due process in violation of the Constitution of the United States and of the State of New York. The indictment was subsequently dismissed and the claimant now stands before this court unindicted and not convicted of any crimes.
To give this claimant a day in court and the opportunity to right the injustice that was inflicted upon him, the New York State Legislature by Bill S-6883, Chapter 608 of the Laws of 1981 waived the State’s sovereign immunity and conferred jurisdiction on this court to hear and determine Mr. Zimmerman’s claim.
The bill states facts that were found by the Court of Appeals in reversing the conviction. It provides that this court may award damages if it finds the facts to be substantially as therein set forth.
“an act to confer jurisdiction upon the court of claims to hear, audit and determine the claim of Isidore Zimmerman against the state for damages sustained by him as a result of and in connection with his erroneous conviction of the crime of murder in the first degree, and his imprisonment therefor, as a claim founded in right and justice or in law and equity against the state and morally and equitably payable and to render judgment therefor.

“The People of the State of New York, represented in Senate and Assembly, do enact as follows:

“Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claim of Isidore Zimmerman against the state for damages sustained by him as the result of and in connection with his *523 erroneous indictment and conviction of the crime of murder in the first degree, as a claim founded in right and justice or in law and equity, in that his conviction was based upon the deliberate suppression of testimony by the prosecutor, demonstrative of the innocence of Isidore Zimmerman and the knowing use of perjured testimony by the prosecutor thereby depriving Isidore Zimmerman of his constitutional right to a fair trial. Isidore Zimmerman was indicted by a New York county grand jury by indictment number 212947-1/2 filed on June twenty-first, nineteen hundred thirty-seven. He was tried before Judge Nott and a jury in a trial that lasted from March eighteenth, nineteen hundred thirty-eight to April fourteenth, nineteen hundred thirty-eight and was sentenced to death on April twenty-second, nineteen hundred thirty-eight. He was released in nineteen hundred sixty-two after serving twenty-four years in prison.
“§ 2. On January first, nineteen hundred sixty-two, Charles S. Desmond, then chief judge of the court of appeals, writing the opinion of the court reversing the order of the court of general sessions denying Zimmerman’s motion for a writ of error, stated: ‘When the defendant was on trial in nineteen hundred thirty-eight under an indictment charging murder in the first degree, the witness Rose called in behalf of the people, falsely denied upon cross-examination that he had made any statements in the presence of a district attorney’s stenographer more than a week before the trial when, in fact, he had previously made such statements, containing material inconsistencies, on May twenty-fifth, nineteen hundred thirty-seven, on June fourth, nineteen hundred thirty-seven and on March fifth, nineteen hundred thirty-eight. The failure of the prosecutor to correct this falsehood and to afford the court or defense counsel an opportunity to examine those statements, which were in his possession, in effect amounted to a suppression of such material and prejudiced the defendant to his right to a fair trial’.
“§ 3. If the court finds the facts to be substantially as hereinbefore set forth and finds that the claimant sustained damages as a result thereof, damages, including loss of earnings and compensation for the indignities and *524 the shame and humiliation and loss of liberty and civil rights and the degradation and loss of reputation and the mental anguish suffered by claimant as a result of and in connection with his erroneous conviction and imprisonment shall constitute a valid and legal claim against the state, and the state shall be liable therefor, and the court may award to and render judgment for the claimant and against the state in such sum as the court shall find to be just and equitable.
“§ 4. The state hereby waives its immunity from liability and consents to have its liability upon such claim determined, notwithstanding any failure of the claimant to file a claim or notice of intention to file such claim or to do any other act in relation to the presentation of such claim, within the time or in the manner or form prescribed by statute, provided such claim is filed with the court of claims within six months after this act takes effect.
“§ 5. Nothing contained herein shall be construed as passing upon the merits of the claim herein and no award shall be made or judgment rendered against the state unless said claim is established by such legal evidence as is required in an action in a court of law or equity.
“§ 6. This act shall take effect immediately.”
The claim was duly filed and claimant now moves for partial summary judgment on three grounds. First, there is no material question of fact to be resolved. Secondly, that the defendant (State of New York) in its answer has admitted all of claimant’s allegations. Thirdly, that claimant is entitled to judgment as a matter of law.
The State in its opposing papers does not deny that there is any material issue of fact to be resolved and “that the facts are substantially as set forth in Sections 1 and 2 of chapter 608, and therefore must concede its liability under the provisions of chapter 608.”
The Attorney-General contends that in order for claimant to prevail the statute must be constitutional at its inception. Faced with these two apparent contradictory positions, (1) that the facts are substantially as set forth in the claim, that the statute must be constitutional at its inception and (2) that it is his duty to defend the action; he *525 chooses not to take any position. Hence, his argument amounts to a nullity. He would have this court find the statute unconstitutional while in effect argue in favor of its constitutionality.
We find the two questions before this court to be (1) whether partial summary judgment may be granted against the State, (2) whether this court, one of limited original jurisdiction, may pass upon the constitutionality of a statute.
There is ample case law to sustain the fact that the remedy of summary judgment is available in this court for either litigant (claimant or the State) (Norton, Inc. v State of New York, 27 AD2d 13; Chemical Bank N. Y. Trust Co. v State of New York, 27 AD2d 427; Broughton v State of New York, 32 AD2d 871; Flynn v State of New York, 53 Misc 2d 929; Travelers Ind. Co. v State of New York, 57 Misc 2d 565, affd 33 AD2d 127, affd 28 NY2d 561; Court of Claims Act, § 9, subd 9). As in any other motion for summary judgment the seminal issue is whether there are factual questions that may only be resolved at trial. The defendant by the Attorney-General has taken this question out of the court’s consideration by admitting in its answer and opposing papers to this present motion that he concedes liability and that the facts as presented are accurate and substantially as set forth in the claim and the statute.
The Attorney-General representing the State has conceded that there is no material issue of fact before this court on the issue of liability (Andre v Pomeroy, 35 NY2d 361).
The real nexus of the dilemma is that although the facts are uncontroverted the Attorney-General seeks nonetheless to absolve the State of New York of any responsibility and thus burden this court with the quintessential argument that the statute may be unconstitutional. It is interesting to note that nowhere, neither in the oral argument nor in his answering papers submitted herewith does the Attorney-General allege that the statute may be unconstitutional. Indeed, the Governor of the State of New York signed this bill with the “Imprimatur” of the Attorney-General. Stated in its simplest terms the Attorney-General recommended that the statute be enacted into law.
*526 What the defendant now seeks from this court is a declaration that the statute as enacted does not pass constitutional muster.
Defendant has not persuaded this court that it either should or that it has the power of jurisdiction to determine the constitutionality of a statute. Interestingly though, he asks this court to find that under the Constitution the Legislature lacks the power to enact a bill such as forms the basis of this lawsuit, the Attorney-General in its answer does not specifically raise the issue of constitutionality but peripherally mentions that in order for claimant to recover the statute must be constitutional.
The court lacks the requisite jurisdiction to entertain on its own and determine the constitutionality of a statute in the first instance. The jurisdiction of this court is limited by the New York State Constitution and the Court of Claims Act (see NY Const, art VI, § 9; Court of Claims Act, §§ 8, 9). This court has no authority to render a declaratory judgment (Fehlhaber Corp. & Horn Constr. Co. v State of New York, 69 AD2d 362).
Faced with the constitutional mandate on one hand and the facts as uncontroverted, this court has been provided with a responsive pleading that is a sham. Again, at the risk of repetition, the court feels constrained to point out that the issue of constitutionality of the statute was not raised in the answer, the papers in opposition to this motion or any other responsive pleading. On oral argument some mention of constitutionality was touched upon to explain the conflicting responsibilities of defendant’s counsel. This court may not sua sponte declare a statute duly passed by the Legislature and signed by the Governor unconstitutional.
The Attorney-General’s constitutional obligation is to argue in favor of the constitutionality of the statute. It is not incumbent upon him, in rendering an opinion to the Governor, to indicate that a proposed statute is in fact constitutional. It is further not incumbent upon the Attorney-General to urge the Governor to sign a pending statute which in his opinion does not pass constitutional muster. We note that in this case the Attorney-General never *527 indicated to the Governor that in his opinion this statute was unconstitutional. Indeed, in his memorandum to the Governor, submitted in support of the statute, he urged its signing.
As defendant is undoubtedly aware, any enactment of the Legislature carries with it a strong presumption that it is constitutional (Lighthouse Shores v Town of Islip, 41 NY2d 7). If defendant wishes, it may make its constitutional argument at another time and in another forum (see CPLR 3001; Bank of New York v Tully, 84 AD2d 704).
The court notes parenthetically that the issues substantially as now before this court have been resolved in favor of claimant (Hoffner v State of New York, 207 Misc 1070; Butters v State of New York, 27 Misc 2d 105; Campbell v State of New York, 186 Misc 586).
The factual determinations before this court have been conceded and admitted; accordingly, there is little for this court to resolve but to grant partial summary judgment on the question of liability only (Lieberman v Larkin, 45 AD2d 965; CPLR 3212, subd [e]).
The matter is set down for immediate trial on the issue of damages (CPLR 3212, subd [c]).