■ HARRY BERLIN et al., Appellants, v. JOSEPH GOLDBERG, Respondent.— Order, entered April 23, 1964, denying leave to plaintiff Shirley Berlin, as executrix of the estate of Abraham Ash, deceased, to renew the motion to transfer the action to the Supreme Court, and for other relief, unanimously affirmed, with $30 costs and disbursements to the respondent. This disposition does not preclude an application in the Civil Court for a substitution of parties in the personal injury action. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ In the Matter of the Arbitration between NEW AMSTERDAM CASUALTY COMPANY, Appellant, and MILDRED SABLOTSKY et al., Respondents.— Order, entered August 12, 1964, denying petitioner's motion to stay arbitration proceedings, unanimously affirmed, on the law, the facts and in the exercise of discretion, with $75 costs and disbursements to respondents. Petitioner did not even make a pretense, either in the papers it submitted at Special Term or in the brief presented to this court, to deal with respondents' detailed recital of affirmative and acquiescent statements and activities on its part upon which respondents base their contention that petitioner waived its right to a preliminary hearing or trial. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ DAVID HUTCHINSON, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered August 5, 1964, granting petitioner's motion for an order vacating a jury demand filed by respondent, unanimously affirmed, with $30 costs and disbursements to petitioner. In so doing, we do not find it necessary to decide whether there is a constitutional right of trial by jury on the issue of the timeliness of the notice of claim. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ In the Matter of ANDREW ALBERTI, Petitioner, v. THOMAS DICKENS, as Justice of the Supreme Court of the County of New York, et al., Respondents.— Article 78 proceeding unanimously dismissed. The determination sought to be reviewed is an order adjudicating the petitioner guilty of contempt of court for failure to appear before a Grand Jury as a witness in response to a subpœna served upon him. This proceeding does not lie to review such an order. (See Code Crim. Pro., § 619; CPLR 7801; Judiciary Law, § 752; *Matter of Grand Jury of County of Kings* [*Reardon*], 278 App. Div. 206; *People* v. *Brayer*, 6 A. D. 2d 437.) The order will be reviewable on an appeal which the petitioner has also taken. Concur — Rabin, J. P., Valente, Eager and Steuer, JJ.