■ RONALD DE PINA, an Infant, by GEORGE V. DE PINA, His Father and Natural Guardian, Respondent, v. EDUCATIONAL TESTING SERVICE, Appellant.— In an action to enjoin defendant (1) from taking any steps to rescind the scores it had given to plaintiff in its College Entrance Examination Board Tests held on March 2, 1968, (2) from notifying the United States Merchant Marine Academy of any change in said scores and (3) from interfering with or altering the scores, defendant appeals from an order of the Supreme Court, Nassau County, dated July 8, 1968, which granted plaintiff's motion for a preliminary injunction. Order reversed, on the law and the facts, without costs, and motion denied, without costs. On March 2, 1968 plaintiff, a senior in a high school, took the College Entrance Examination Board Tests, which were prepared by defendant, a nonprofit domestic corporation.

Defendant notified the United States Merchant Marine Academy, of Kings Point, New York, to which plaintiff had applied for admission, of plaintiff's scores and, by a letter dated April 22, 1968, plaintiff was accepted by the Academy as an alternate candidate. On or about April 3, 1968, an investigation was begun concerning the scores obtained by plaintiff. The investigation and a thorough comparison of plaintiff's examination papers with those of another student who took the same examinations on the same date revealed circumstances which indicated, prima facie, that plaintiff had cheated. While defendant abstained from directly charging plaintiff with cheating, the charge was in substance "cheating". The Bulletin of Information — College Board Admissions Tests — 1967–1968, published by defendant, states (p. 25): "CHEATING: Any student who gives or receives assistance during the progress of a test will be required to turn in his test materials immediately and leave the room; he will not be permitted to return. The reason for canceling the student's scores will be made known to the school or college the student attends. If doubts are raised about a student's scores after they have been reported, the College Board will investigate the circumstances of the testing and make appropriate notifications to recipients of the scores if evidence of cheating is found." Defendant, having doubt, substantial or conclusive, as to the validity of two of the scores resulting from the examination papers submitted by plaintiff, requested that plaintiff be re-examined; and stated that, if his new marks approximated those achieved on the first examinations, the reported scores would be confirmed, but that, if the new scores did not approximate the old ones, the new scores would be substituted for the reported scores. Plaintiff's complaint alleges that "at the time of the examination, plaintiff at no time left the classroom; at no time was plaintiff questioned about his conduct during the examination; that during the course of the examination, the infant plaintiff did nothing improper; that at no time during said examination did infant plaintiff make any attempt to observe another candidate's examination paper; and the score attained by the infant plaintiff on said examination was the work of the infant plaintiff solely and unaided." In our opinion, taking into consideration the legal and equitable principles of law applicable to the granting of preliminary injunctions (see, e.g., 7A Weinstein-Korn-Miller N. Y. Civ. Prac., pars. 6301.17, 6301.18, 6301.21), particularly the principle that, "In ruling on a motion for a preliminary injunction, the courts must weigh the interests of the general public as well as the interests of the parties to the litigation" (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.21) and the provision as to "cheating" in the aforementioned bulletin, the granting of the motion for a preliminary injunction was an improvident exercise of discretion. It is our view that defendant acted within its rights and indeed within its obligations and duties to the Academy and to the public in requesting that plaintiff take a re-examination. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.