■ In the Matter of CORBEAU CONSTRUCTION CORP. et al., Appellants, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 9, TOWN OF GREENBURGH, ELMSFORD, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel respondent to pay petitioners certain moneys, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated December 10, 1968, which, *inter alia,* dismissed the petition. Judgment modified, on the law, by striking out all the decretal provisions thereof except the words " Ordered that the respondent's cross-motion is denied "; and proceeding remanded to the Special Term for the entry of an order, pursuant to CPLR 103 (subd. [c]), allowing the proper prosecution of the case. As so modified, judgment affirmed, without costs. No questions of fact have been considered. The petitioners are general contractors who are seeking to recover moneys, certified by the respondent board's architect as due and owing, with respect to additional work performed on a school improvement, pursuant to a contract between the parties. As long ago as April 6, 1967, the petitioners-appellants were informed in the decision on their first CPLR article 78 proceeding that that remedy was unavailable and inappropriate. They have persisted in this second CPLR article 78 proceeding. Mandamus relief, pursuant to CPLR article 78, may not be used when there are other available remedies at law as, for example, an action to recover damages for breach of contract (*Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497; see, also, *People ex rel. Richards* v. *Hylan,* 200 App. Div. 871; *Matter of Colcagnini* v. *Burns*, 216 N. Y. S. 2d 465). Moreover, the respondent Board is not being charged with the violation of a statutory duty (see *Matter of Phalen* v. *Theatrical Protective Union No. 1,* 27 A D 2d 909, revd. 22 N Y 2d 34). In *Phalen* the Court of Appeals agreed that the extraordinary remedy of mandamus pursuant to CPLR article 78 was unavailable in that case, which involved a union's unfair and discriminatory practices; nevertheless, the Court of Appeals reversed the order that had dismissed the proceeding. In the portion of the majority opinion, pertinent herein, the Court of Appeals said: " Our determination that petitioners have prosecuted their action in an improper form and requested relief to which they are not entitled does not, however, serve to put them out of court. The improper form in which their action has been brought and their failure to request the appropriate relief is not a bar to their receiving whatever relief they may be entitled to. CPLR 103 (subd. [c]) provides that once a court has obtained jurisdiction over the parties in a ' civil judicial proceeding ' the proceeding ' shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution's and CPLR 105 (subd. [d]), which defines ' civil judicial proceeding ', is clearly broad enough to include the instant proceeding, defining a ' civil

judicial proceeding' as a 'prosecution, other than a criminal action, of an independent application to a court for relief.' Similarly, CPLR 3017 (subd. [a]) provides, in part, that a court 'may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded'. Accordingly, the order appealed from should be reversed and the case remanded to Special Term so that an order may be entered allowing its proper prosecution. Upon the proceedings had following remand we believe it would be best if the parties would develop the fullest possible record, and this would undoubtedly be aided if petitioners were to plead over or otherwise expand upon the allegations contained in the present petition and supporting affidavits. A fully developed record will be of inestimable value to Special Term in moulding whatever remedy or remedies it should deem necessary and to any reviewing court, should there be occasion for another appeal. Special Term is fully competent to devise an adequate and proportionate remedy for petitioners should their charges of discrimination be sustained (cf. *State Comm. for Human Rights* v. *Farrell*, 43 Misc 2d 958) and for this reason we refrain from suggesting at this point what specific remedies ought to be afforded petitioners, preferring instead to leave these matters for determination in the first instance to Special Term" (pp. 41–42). In the case at bar, a contract dispute is the problem and, until the contract is interpreted and construed with a resultant judgment, there are no obligations enjoined on or charged against the board other than contractual ones. Contractual rights may not be resolved in CPLR article 78 proceedings seeking mandamus relief. Our remand of this case, in accordance with *Phalen (supra)*, will permit Special Term to prescribe, in a proper order pursuant to CPLR 103 (subd. [c]), the further prosecution of this action, as amplified and delineated by new pleadings and whatever other steps are considered appropriate. For this reason we pass on no other questions arising out of this dispute. Christ, Acting P. J., Rabin, Benjamin, Munder and Kleinfeld, JJ., concur.