■ BANK OF NEW YORK, as Trustee of 266 TRUSTS AND ESTATES, Appellant, v JAMES H. TULLY, JR., et al., Respondents. (Action No. 1.) UNITED STATES TRUST COMPANY OF NEW YORK et al., Appellants-Respondents, v NEW YORK DEPARTMENT OF TAXATION AND FINANCE, Respondent-Appellant. (Action No. 2.) T.

Roland Berner et al., as Trustees of Herman Gardner, Deceased, Appellants, v New York State Department of Taxation and Finance, Respondent. (Action No. 3.) (And Six Other Actions.) — [Action No. 1.] Order, Supreme Court, New York County (Hughes, J.), entered January 12, 1981 which, on a motion to renew and reargue in an action to recover tax payments or, alternatively, declare rights of the parties, adhered to the decision embodied in an order entered March 18, 1980 dismissing the action, with leave to file a claim in the Court of Claims, affirmed, without costs. Appeal from order, Supreme Court, New York County (Hughes, J.), entered March 18, 1980, dismissed, without costs, as subsumed in determination of the order dated January 12, 1981. [Action No. 2.] Judgments, Supreme Court, New York County (Hughes, J.), entered December 3 and December 4, 1980, dismissing actions to recover certain tax payments, affirmed, without costs. Appeals from orders, Supreme Court, New York County (Hughes, J.), entered May 15, 1980, October 6, 1980, and September 9, 1980, dismissed, without costs, as subsumed within the appeal from the judgments. [Action No. 3.] Judgment, Supreme Court, New York County (Hughes, J.), entered December 4, 1980, dismissing actions to recover certain tax payments, affirmed, without costs. Appeal from order, Supreme Court, New York County (Hughes, J.), entered November 5, 1980, dismissed, without costs, as subsumed within the appeal from the judgment. Although there are minor variations in procedural history, designations of defendants, and prayers for relief, these are essentially actions by varied trustees seeking recovery of certain 1972 capital gains taxes paid through the retroactive application of subdivision (4) of section 618 of the Tax Law (L 1973, ch 718), the retroactive aspect of which was declared unconstitutional by the Court of Appeals in *Clarendon Trust v State Tax Comm.* (43 NY2d 933, cert den 439 US 831). The action brought by the Bank of New York designated certain named individuals "constituting the State Tax Commission of the State of New York" as defendants, and in addition to demanding a money judgment, sought in the alternative a declaration of the rights of the parties. The remaining actions designate as defendant the New York State Department of Taxation and Finance and for the most part seek in their complaints a money judgment only. The principal substantive difference develops from the circumstance that many of the payments made by the Bank of New York in its capacity as trustee, unlike the payments of all other plaintiffs, were accompanied by a rider requesting a refund in the event that the proposed amendment failed to become law or should not be effective for the calendar year 1972. Preliminarily, Special Term granted the respondent's motion to dismiss the varied actions in an opinion which concluded that, although the Supreme Court might have jurisdiction, the claims more properly belonged in the Court of Claims. Thereafter, on a motion for reargument brought by plaintiffs who had not accompanied the tax payments with the above-described rider, Special Term determined with respect to all such plaintiffs that the Supreme Court had jurisdiction to entertain the action but concluded on the merits that the unprotested payments were voluntary as a matter of law, could not therefore be recovered, and dismissed the complaints on the merits. Then, responding to a motion by the Bank of New York to renew and reargue, Special Term adhered to its prior determination with respect to that plaintiff, dismissing the complaint but not on the merits, went on to note the pendency of an administrative proceeding before the commission as to whether the riders constituted a protest, and declined to pre-empt the administrative forum from exercising its jurisdiction. Without addressing the merits of the claims, we affirm on the view that all of these actions, whatever the variations in relief requested, were essentially actions to recover money from the State of New York and as such were required to be brought in the Court of

Claims. In *People ex rel. Swift v Luce* (204 NY 478) the Court of Appeals described the historical developments that led to the creation of the Court of Claims as a court in which claims against New York State could be determined without the interposition of the bar of sovereign immunity. (See, also, NY Const, art VI, § 9.) Significantly, section 8 of article 2 of the Court of Claims Act, defining that court's jurisdiction, is entitled "Waiver of immunity from liability," and commences with the following: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article." Section 9 of article 2 of the Court of Claims Act details the jurisdiction and powers of the court specifying in subdivision 2: "2. To hear and determine a claim of any person, corporation or municipality against the state for the appropriation of any real or personal property or any interest therein, for the breach of contract, express or implied, or for the torts of its officers or employees while acting as such officers or employees, providing the claimant complies with the limitations of this article." Such actions against the State, as to which jurisdiction is vested exclusively in the Court of Claims, are to be distinguished from the familiar range of actions and proceedings seeking varied forms of relief with regard to determinations and actions by State officials. A familiar form of such action, pertinent here, appropriately brought in the Supreme Court, is an action for declaratory judgment seeking a determination that a statute is unconstitutional or invalid. Illustrative is the *Clarendon* case, which gave rise to these claims, in which the taxpayer did not pay the tax in question, and commenced a successful declaratory judgment action seeking a declaration that the statute was unconstitutional and that the State Tax Commission be enjoined from its enforcement. It is not necessary to determine here whether or not the Supreme Court, in a declaratory judgment action raising a genuine issue as to the constitutionality or validity of a statute, would be empowered as ancillary relief to direct repayment of moneys found to have been collected by the State of New York under authority of an unconstitutional or invalid statute. Undoubtedly such a procedure would seem desirable pragmatically since it might avoid duplicative actions. (See, e.g., *Psaty v Duryea,* 306 NY 413.) We note, however, that plaintiffs have not invited our attention to any authority which in fact granted a money judgment against the State of New York as an appropriate relief ancillary to a declaratory judgment action. Upon analysis the authorities relied upon by plaintiffs to support such a possibility are either not in point or in fact are more consistent with a contrary interpretation. In any event, even those actions here which sought declaratory relief in addition to or as an alternative to money damages clearly do not present a genuine issue justifying the proposed exercise of jurisdiction in view of the obvious circumstance that the question raised has been definitively answered by the Court of Appeals and is no longer a question requiring declaratory relief. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.