■ In the Matter of Howard F. Krumsiek et al., Appellants, v Edward V. Regan, as Comptroller of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered September 18, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel payment by respondent of certain moneys. Petitioners are employed by the State of New York as court clerks of the Supreme Court in Queens County, and they instituted this article 78 proceeding in May of 1980 to compel respondent to pay them certain moneys allegedly due them under their collective bargaining agreement with the State which became effective April 1, 1977. Their claim is premised upon section 7.12 of the subject agreement, a salary equalization provision, which provides as follows: "7.12 Promotion inequities. The implementation of this article is not intended to result in any employee who has been promoted prior to July 1, 1978 receiving a lower salary than another employee in the same title, where the first employee was promoted to the same title as the second employee, but at an earlier date. Wherever such a result would occur, the first employee shall receive a salary increase equal to the difference between his salary and the salary of the second employee after all other salary increases under this agreement have been paid, effective as of the date of promotion of the second employee." In September of 1980, Special Term (Cholakis, J.) denied a motion by respondent for a summary dismissal of the petition and instead directed respondent to serve an answer in accordance with CPLR 7804 (subd [f]). Respondent then complied with this directive and filed an answer alleging that the petition failed to state a cause of action, that the pertinent portion of the collective bargaining agreement could not be implemented without legislative action and that petitioners had failed to exhaust their administrative remedies. Thereafter, Special Term (Williams, J.) dismissed the petition after concluding in a decision that "petitioners may have a viable cause of action for a breach of contract but upon the showing made do not have one pursuant to Article 78". The present appeal ensued, and we hold that the challenged judgment should be affirmed. Although petitioners assert that this dispute has previously been resolved in their favor pursuant to the grievance procedure established in the collective bargaining agreement and that the present mandamus proceeding was, therefore, properly instituted to compel payment by respondent of moneys already determined to be due and owing to petitioners, respondent denies that there has been such a resolution of the controversy, and Special Term correctly notes in its decision that the

record is barren of any evidence that a grievance proceeding was held and concluded with a determination favorable to petitioners. Given these circumstances, we are presented with a contract dispute which is, in actuality, a claim against the State of New York for money damages. That being so, the claim may not be resolved in an article 78 proceeding, and petitioners must seek their remedy in the Court of Claims (cf. *Schaffer v Evans,* 86 AD2d 708, affd 57 NY2d 992; see, also, *Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958). Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.