OPINION OF THE COURT
Harold E. Koreman, J.
These claims are brought to recover moneys paid to the State in satisfaction of taxes levied pursuant to former article 31-A of the State Tax Law, which was enacted by chapter 487 of the Laws of 1981. This statute was enacted to provide funds for the Metropolitan Transit Authority by assessing a tax upon capital gains resulting from the sale of commercial or industrial property in the City of New *306 York. The tax was collected by the New York City Finance Director who deposited the receipts to the credit of the State Comptroller in a bank designated by such officer. The tax became a lien upon the property oh the date of transfer, and such lien remained until payment was made. The statute also provided a procedure for refund of taxes erroneously paid.
Section 31-A of the Tax Law was repealed in its entirety by chapter 57 of the Laws of 1982, effective February 1, 1982. The repeal, by its terms, was made retroactive to July 11, 1981, the effective date of article 31-A of the Tax Law. The effect of this latter legislation was to render article 31-A a nullity, wiping it out as though it had never existed. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 411, and cases cited therein.) In his message approving chapter 57 of the Laws of 1982 Governor Carey stated: “I recognize that the retroactivity of the tax increases is of concern, and that the retroactive repeal of the Gains Tax will require payment of refunds to those who paid that tax.” (McKinney’s Session Laws of NY, 1982, p 2591.)
The record of the debate in the Assembly upon the repealer bill shows that the Legislature understood that by making such repealer retroactive to the date of the enactment of article 31-A of the Tax Law, meant that any tax collected pursuant to the capital gains tax statute would have to be refunded. However, the Legislature failed to provide an administrative procedure for any refund of moneys paid in satisfaction of the capital gains tax.
Two of the claimants herein have sought refunds by way of written requests to both the city and the State Comptroller. Another brought an action to have article 31-A declared unconstitutional and for refund of the payments. The city informed the claimants that there was no statutory provision existing which provided for refund, and referred the claimants to the State Comptroller who also noted a lack of statutory authority providing for a refund. An article 78 proceeding was brought in Special Term, Supreme Court, New York County, by another corporation, not a claimant herein, seeking a refund of moneys paid pursuant to article 31-A. This action was dismissed upon the motion by the State for lack of jurisdiction on the *307 grounds that the action was one for a money judgment and was solely within the jurisdiction of the Court of Claims. (Matter of KMGA Inc. v City of New York, Special Term, Supreme Ct, NY County, Oct. 26, 1982, Goldman, J.)
At this point we conclude that the claimants are entitled to a refund of the moneys paid pursuant to article 31-A. However, the City Finance Director and the State Comptroller, as well as the Attorney-General, contend that a refund, although admittedly due, cannot be made without statutory authority.
The State has moved for an order dismissing these claims, and the claimants have moved for summary judgment granting the full amount of their claims. There are no factual questions to be resolved. The State’s motion for dismissal is based upon (1) lack of jurisdiction of the subject matter, and (2) the claims fail to state a' cause of action, and in the claim of 405 Company (Claim No. 66960) upon the additional ground that a prior action is pending between the parties.
The claimant 405 Company brought an action in the Supreme Court, New York County, to have article 31-A declared unconstitutional and for recovery of the taxes paid pursuant to such statute. This action was brought prior to the repeal of article 31-A, and thus such action has become academic in that respect. Inasmuch as that action sought money damages against the State, the Supreme Court had no jurisdiction, so it is obvious that such action, if it has not been dismissed, is hardly a viable one.
In seeking to have these claims dismissed for lack of jurisdiction, the State contends that the Court of Claims does not have jurisdiction of an action to recover money paid pursuant to a tax statute unless such statute is unconstitutional or illegal, and as a condition precedent such a finding must be made by a court having equitable jurisdiction because the Court of Claims lacks such equitable power.
Although the Court of Claims has equitable jurisdiction incidental to the granting of a money judgment (Williams Press v State of New York, 45 AD2d 397; St. Paul Fire & Mar. Ins. Co. v State of New York, 99 Misc 2d 140) there is *308 no necessity for us to make a determination that article 31-A of the Tax Law is unconstitutional or invalid. By repealing such statute ab initio, the Legislature has wiped out article 31-A of the Tax Law, and thus terminated the authority of the State to collect and retain the money paid pursuant to it, so that the claim herein is primarily one for money damages against the State of New York, a matter over which this court has unquestionable jurisdiction (Schaffer v Evans, 57 NY2d 992; Matter of Krumsiek v Regan, 91 AD2d 1134; Bank of New York v Tully, 84 AD2d 704).
We conclude the claims state a cause of action. They are for money had and received and, although such an action is based upon equitable principles, it is deemed to be an action at law (Forest-Fehlhaber v State of New York, 74 AD2d 272).
In brief, we have a situation where the State has levied and collected a tax pursuant to a statute which not only no longer exists but, because of its having been repealed retroactive to the date of its enactment, is deemed to never have existed. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 411.) The claimants seek to recover the moneys they have paid pursuant thereto. There is no statutory procedure providing for a refund although the claimants are admittedly entitled to one. The Court of Claims has jurisdiction over such matters (Guaranty Trust Co. of N. Y. v State of New York, 299 NY 295; Bank of New York v Tully, supra; Travelers Ind. Co. v State of New York, 33 AD2d 127).
Although the question as to whether the tax payments made by the claimants were voluntary (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418) has, not been raised, we find that the tax payments in question were paid under protest and under the duress of a statute which provided that failure to pay the tax would place a lien on the property, which lien in turn would prevent closing of title. Therefore the payments cannot be considered voluntary.
Claimant in 124 E. 44th Street Corporation contends that the failure of the State Comptroller to maintain a reserve fund for reimbursement of persons paying the *309 gains tax under the circumstances here supports the contention that the claim is cognizable under section 1983 of title 42 of the United States Code. Until the enactment of chapter 57 of the Laws of 1982 on February 1, 1982, the Comptroller was under no duty to hold the funds paid in escrow or as a reserve fund for refunds. Article 31-A provided refunds only for taxes erroneously paid. Moreover, since the claimants have an adequate remedy under State law, due process is satisfied and they do not have a claim under section 1983 of title 42 of the United States Code. (Parratt v Taylor, 451 US 527.) We also note that neither the State nor a department of the State is considered a “person” amenable to actions under section 1983 (Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying, 83 AD2d 723).
Claimants are granted summary judgment against the State of New York. State’s motions to dismiss these claims are denied.
Claimant 405 Company is entitled to an award against the State in the amount of $2,225,767; claimant 124 E. 44th Street Corporation is entitled to an award against the State in the amount of $250,500; claimant Alabama Oil Company, Inc., is entitled to an award against the State in the sum of $245,200. All three claims shall bear interest from February 1, 1982 (CPLR 5001).