■ ROBERT B. NOE, JR., Respondent, v NATIONAL BOARD OF CHIROPRACTIC EXAMINERS, Appellant, et al., Defendants.—In an action, *inter alia,* for a mandatory injunction directing the appellant to permit the plaintiff to review examination questions included in an examination given by it, the defendant National Board of Chiropractic Examiners appeals from so much of an order of the Supreme Court, Orange County (Patsalos, J.), entered November 10, 1987, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant is granted, and the complaint is dismissed in its entirety.

While still a student at Life Chiropractic College in Marietta, Georgia, the plaintiff on six occasions unsuccessfully took part I of the chiropractic examination designed and administered by the National Board of Chiropractic Examiners (hereinafter NBCE), a private, not-for-profit corporation whose examination scores are accepted by all States and several foreign countries in partial satisfaction of the requirements for a chiropractic license. In his senior year the plaintiff took part II of the examination, which he also failed.

NBCE policies do not limit the number of times a student

may take the examination, but give a postgraduate candidate three opportunities over three years following graduation to pass all 12 subjects contained in the two examination parts. An unsuccessful candidate must then complete 60 classroom hours in each subject failed before he is allowed to sit for the examination again, and he must retake the entire part in which the failed subject or subjects is given.

NBCE further provides that a failing examinee may verify the correctness of his score in three ways: (1) he may have his examination hand-graded for a fee of $25 per subject, (2) he may request a certified photocopy of his answer sheet, and (3) he may visit NBCE headquarters in Greeley, Colorado, and personally examine his original answer sheet along with the answer template.

The New York State Board for Chiropractic (hereinafter the State Board) administers its own comparable examination under 8 NYCRR 73.2, but accepts passing results on NBCE's parts I and II in lieu of its own as partial prerequisites for taking the State's practical licensing exam, denominated part III. Under 8 NYCRR 59.5 (g), the State Board permits limited review of examination papers by candidates who fail the State test with a score of 65 or higher.

Following his graduation from Life Chiropractic College, the plaintiff took the NBCE examination three more times, and again consistently failed both parts. His requests to review the examination questions, his own wrong answers and the correct answers were denied by NBCE, on the grounds that NBCE reused its test questions in order to maintain the difficulty level from one examination administration to another, and would not compromise the security of its examination to give an unfair advantage to a candidate who engaged in such a review.

The plaintiff brought the instant action alleging, *inter alia,* that NBCE's reschooling requirement and its refusal to let him review its examination questions in conjunction with the correct answers deprived him of his property right to earn his license without due process of law and in violation of 8 NYCRR 59.5 (g). That branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant was denied by the Supreme Court.

It is well established that the US Constitution 14th Amendment, and more specifically its Due Process and Equal Protection Clauses, prohibits certain State conduct but offers no

protection against private conduct *(Jackson v Metropolitan Edison Co.,* 419 US 345; *Moose Lodge v Irvis,* 407 US 163). While it has been held that certain private conduct can be so imbued with State involvement that that conduct constitutes State action for purposes of invoking constitutional guarantees *(Burton v Wilmington Parking Auth.,* 365 US 715), the State involvement must be real and substantial.

In determining whether a State is significantly involved in statutorily authorized private conduct, New York courts have looked to the source of authority for the private action, whether the State is so entwined with the regulation of the private conduct as to constitute State activity, whether there is meaningful State participation in the activity, and whether there has been a delegation of what has traditionally been a State function to a private person *(Sharrock v Dell Buick-Cadillac,* 45 NY2d 152).

The record before us demonstrates that: (1) New York State is not the source of the authority for NBCE's administration of its test, but merely accepts its scores in partial satisfaction of one of its many license requirements, (2) New York State is not in any way entwined with the regulation of NBCE or the administration of its examination, (3) there is no meaningful State participation in NBCE's activities or policies, and (4) New York has not delegated the licensing of chiropractors, a traditional State function, to NBCE. We conclude, therefore, that NBCE's conduct does not constitute State action.

Nor does the plaintiff have a protectable property interest, or "legitimate claim of entitlement" to sitting for the NBCE's examination limitless times without reschooling, or to the kind of review of NBCE's examination that he seeks *(Board of Regents v Roth,* 408 US 564, 577).

None of NBCE's policies is arbitrary and capricious. Its review procedures and reschooling requirement are reasonable, fair and necessary to protect the integrity of its examination and to assure protection of the public from unqualified practitioners *(see, Wasmuth v Allen,* 14 NY2d 391, *appeal dismissed* 379 US 11).

NBCE's policies do not violate 8 NYCRR 59.5 (g), as that regulation is addressed only to examinations given by the State Board and not to examinations given by private testing corporations.

The plaintiff has failed to point to a single factual issue material to his cause of action that requires either further discovery or resolution at trial. Thus, his complaint should be

dismissed as against the appellant and summary judgment awarded to it *(Assing v United Rubber Supply Co.,* 126 AD2d 590). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.