■ In the Matter of VINCENT BROWN, Respondent, v HAROLD EIMICKE, as Commissioner of the New York State Department of Housing and Community Renewal, Office of Rent Administration, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the respondent to provide certain documents which were the subject of a judicial subpoena issued in connection with a special proceeding pending in the Civil Court of the City of New York, Kings County, the appeal

is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated April 21, 1988, which granted the petition and directed the respondent to comply with the subpoena.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed.

The petitioner, a landlord, commenced this proceeding for a judgment pursuant to CPLR article 78 to obtain certain documents related to whether a particular apartment in a building which he owned was subject to rent control regulations. The documents were the subject of a judicial subpoena signed by the Civil Court Judge presiding over a special proceeding then pending in the Housing Part of the Civil Court, Kings County, to recover possession of the apartment. The petitioner alleged that the respondent had refused to comply with the subpoena, and the Supreme Court granted the petition. We now reverse and dismiss the proceeding.

It is well settled that the remedy of mandamus pursuant to CPLR article 78 is an extraordinary remedy available only where there is a clear legal right (see, Matter of State of New York v King, 36 NY2d 59, 62; Matter of Coombs v Edwards, 280 NY 361; Matter of Corbeau Constr. Corp. v Board of Educ., 32 AD2d 958). The proper procedure for compelling obedience to a subpoena is an application pursuant to CPLR 2308. We take no position on the merits of such an application. The petitioner should not be permitted to circumvent this adequate statutory remedy (cf., Matter of Ward v McQuillan, 40 AD2d 974; Matter of Alberti v Dickens, 22 AD2d 770). Accordingly, CPLR article 78 relief does not lie, and the proceeding is dismissed. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.