■ In the Matter of RONALD G. HERTZ, Appellant, v SAMUEL J. ROZZI, as Police Commissioner of the Nassau County Police

Department, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated December 2, 1986, which denied the petitioner termination pay and pay for unused sick time, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated September 10, 1987, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a provision converting the proceeding into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the petition deemed the complaint, and declaring that pursuant to the collective bargaining agreement between the respondent County of Nassau and the Nassau County Patrolmen's Benevolent Association, the petitioner is not entitled to termination pay or pay for unused sick time; as so modified, the judgment is affirmed, without costs or disbursements.

It is well settled that a CPLR article 78 proceeding is not the proper vehicle to resolve contractual rights *(see, Automated Ticket Sys. v Quinn,* 70 AD2d 726; *Matter of Mohican Cable T. V. Corp. v Cronin,* 34 AD2d 692; *Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958, 959). That a proceeding was brought in an improper form does not, however, necessarily warrant dismissal since CPLR 103 (c) authorizes the court to "make whatever order is required for its proper prosecution" *(see, Matter of Corbeau Constr. Corp. v Board of Educ., supra).* In such a case, the matter may be converted into one for a declaratory judgment, if appropriate *(see, Matter of Concord Realty v City of New York,* 30 NY2d 308, 311).

The petitioner herein, a police officer whose separation from service was due to an accidental disability, sought, in essence, a declaration that he was entitled to termination pay and pay for unused sick time pursuant to the collective bargaining agreement between the respondents County of Nassau and the Nassau County Patrolmen's Benevolent Association.

We agree with the Supreme Court that the following provision of the governing collective bargaining agreement is clear and unambiguous on its face:

"8.12-1 Termination Pay and Pay for Unused Sick Leave.

*"Upon separation from service after ten (10) years, for any reason except for cause or with charges pending or upon the death in service of any employee or upon retirement qualifying for either ordinary or job related or accidental disability under the Retirement and Social Security Law of New York State,*

such employee or his/her legal representative, shall be entitled to cash payment for accumulated terminal leave computed on an entitlement basis of five (5) days for each year of completed service" (emphasis supplied).

Pursuant to the foregoing provision the petitioner is precluded from receiving termination pay and pay for unused sick time, since he retired with accidental disability under the Retirement and Social Security Law of New York State, a clearly stated exception to those employees entitled to receive benefits under paragraph 8.12-1 of the collective bargaining agreement. Lawrence, Kooper and Harwood, JJ., concur.

Mangano, J. P., concurs in part and dissents in part with the following memorandum in which Brown, J., concurs: I concur in so much of the majority's determination as converts the instant proceeding to a declaratory judgment action but otherwise dissent and vote to reverse the order appealed from and to deny the respondents' cross motion to dismiss.

It is the petitioner's contention that he is entitled, pursuant to paragraph 8.12-1 of the collective bargaining agreement between the Nassau County Patrolmen's Benevolent Association and the respondent County of Nassau, to termination pay and pay for unused sick leave on the ground that he was separated from service "after ten (10) years" due to an "accidental disability".

Contrary to the majority's argument, it is my view that paragraph 8.12-1 is ambiguous on its face. That provision can be read and interpreted in either of two ways, i.e., so as to include the petitioner in, or to exclude him from, the class of persons who are eligible for the subject benefits. Since, the papers submitted in support of, and in opposition to, the respondents' motion to dismiss, raise an issue of fact as to the parties' intent with respect to paragraph 8.12-1, a trial is required to resolve this issue *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172).