■ In the Matter of PATRICE G. YAEGER, Appellant, v EDUCATIONAL TESTING SERVICE, Respondent.—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The petitioner commenced this litigation by service of a petition pursuant to CPLR article 78 seeking, *inter alia,* to prohibit the respondent Educational Testing Service (hereinafter ETS) from canceling her scores on the March 7, 1987 National Teachers Examination. The record reveals that ETS received information regarding the possibility that the petitioner copied the answers of another examinee during the administration of the test. ETS conducted an investigation and discovered, *inter alia,* that the petitioner's answer sheet bore suspicious similarities to that of the other examinee, and that the increase between the petitioner's scores on the March 7, 1987 test and those she achieved on prior administrations of the examination was statistically improbable. As a result, ETS informed the petitioner that a question existed as to the validity of her scores, requested additional information to further the investigation, and provided her with four options which she could exercise in the event that the doubts regarding her scores were not satisfactorily resolved. Those options were (1) to take the test again at ETS' expense at a specially arranged administration, (2) request that ETS cancel the scores and refund all fees, (3) ask any college, university or agency to which the petitioner was applying to review the information held by ETS and render its own determination regarding the validity of the test scores, or (4) request arbitration. After extensive communication and negotiation with ETS, the petitioner ultimately declined to exercise any of the foregoing options and instead commenced a proceeding pursuant to CPLR article 78. Upon converting the proceeding to an action at law, the Supreme Court granted the motion of ETS for summary judgment and dismissed the complaint on the merits. We affirm.

Initially, we reject the petitioner's contention that the cancellation of her scores is unreasonable and arbitrary. The Bulletin of Information prepared by ETS which accompanied the registration form for the examination contains the following provision:

"Educational Testing Service is obligated to report scores that accurately reflect the performance of the examinee * * *.

"ETS reserves the right to cancel any test score if the examinee engages in misconduct, if there is a testing irregularity, or if ETS believes there is reason to question the score's validity.* * *

"ETS may also cancel test scores whose validity is questioned because the scores may have been obtained unfairly. Before taking this action, however, ETS notifies the examinee of the reasons for questioning the score and gives him or her an opportunity to:

"provide additional information

"confirm the questioned score by taking the test again with no additional test fees

"In addition, the examinee can request third-party review of the matter by:

"asking any recipient to review the information and make its own decision about accepting a score that may be invalid

"asking that a member of the American Arbitration Association arbitrate ETS's action".

In completing her registration form for the test, the petitioner signed the following attestation clause: "All NTE tests are confidential. Your signature below attests your agreement not to disclose to anyone the contents of any NTE test you take and your acceptance of the conditions set forth in the *Bulletin* concerning the administration of the tests and the reporting of scores". Accordingly, the record demonstrates that the petitioner consented to ETS' authority to investigate and cancel scores once ETS determined that the validity of those scores was questionable. In view of the clear public interest in reporting valid test scores *(see, De Pina v Educational Testing Serv.*, 31 AD2d 744), and the thorough efforts undertaken by ETS to ascertain the validity of the scores in this case, we find that ETS acted in good faith and fully in accordance with the terms of its bulletin and the procedures set forth therein *(see, De Pina v Educational Testing Serv., supra; Matter of K.D. v Educational Testing Serv.*, 87 Misc 2d 657; *Johnson v Educational Testing Serv.*, 615 F Supp 633, affd 754 F2d 20). Moreover the record contains adequate evidence to support ETS' determination to cancel the petitioner's scores on the ground of questionable validity *(see, e.g., Matter of K.D. v Educational Testing Serv., supra).*

The petitioner's contention that she was denied due process is similarly unavailing. Due process analysis is inapplicable where the matter involves private action rather than State action, and there is no evidence in this case that ETS' conduct constituted State action so as to implicate either Federal or State due process considerations *(see, Noe v National Bd. of Chiropractic Examiners*, 141 AD2d 706, *mod* 143 AD2d 824; *Matter of K.D. v Educational Testing Serv., supra; Johnson v*

*Educational Testing Serv., supra).* In any event, the petitioner's due process claim is without substantive merit, inasmuch as she was afforded numerous opportunities to validate the subject scores by providing relevant information, by being retested at no expense, or by selecting another option provided by ETS *(see, Matter of K.D. v Educational Testing Serv., supra).* Under these circumstances, she cannot be said to have been deprived of an opportunity to be heard.

Finally, we find unpersuasive the petitioner's contention that the Supreme Court erred in converting the proceeding to an action at law *(see,* CPLR 103 [c]). It is well settled that a proceeding pursuant to CPLR article 78 is generally not the appropriate vehicle for resolving disputes involving private contractual rights *(Matter of Hertz v Rozzi,* 148 AD2d 535; *Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702; *Automated Ticket Sys. v Quinn,* 70 AD2d 726, *mod* 49 NY2d 792; *Matter of Oshinsky v Nicholson,* 55 AD2d 619). Inasmuch as the petitioner herein primarily seeks relief which would be equally available in a contract action, adequate remedies at law exist which supported the conversion of her proceeding to an action *(see generally, Matter of Goodstein Constr. Corp. v Gliedman,* 117 AD2d 170, *affd* 69 NY2d 930; *Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958). Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.