■ In the Matter of SURINDER SANDHU, Respondent, v MERCY MEDICAL CENTER et al., Appellants. [828 NYS2d 91]—

In a proceeding pursuant to CPLR article 78, inter alia, to declare null and void section 2.9 of the petitioner's employment contract with Long Island Emergency Care, P.C., and to direct Mercy Medical Center to form an ad hoc committee to conduct a fair hearing in connection with the petitioner's loss of his medical staff privileges, Mercy Medical Center and Long Island Emergency Care, P.C., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered August 3, 2004, as, upon reargument, adhered to so much of its original determination in an order dated December 24, 2003, as denied their motion to dismiss the petition.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the proceeding is converted into an action for a declaratory judgment, and the notice of petition and the peti-

tion are deemed to be a summons and complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, upon reargument, so much of the order dated December 24, 2003, as denied the motion to dismiss is vacated, the motion to dismiss is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the employment contract between the petitioner and Long Island Emergency Care, P.C., is valid and that Mercy Medical Center is not required to form an ad hoc committee to conduct a fair hearing in connection with the petitioner's loss of his medical staff privileges; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appellant Long Island Emergency Care, P.C. (hereinafter LIEC), entered into a professional services agreement with the appellant Mercy Medical Center (hereinafter Mercy), pursuant to which LIEC served as the exclusive provider and supervisor of emergency room (hereinafter ER) physicians at Mercy. In June 2002 LIEC entered into an employment agreement with the petitioner pursuant to which the petitioner served as an ER physician at Mercy with attendant medical staff privileges. Section 2.9 of the employment agreement provided, inter alia, that upon the petitioner's termination by LIEC, his medical staff privileges at Mercy would be deemed resigned, thereby stripping him of any hearing or appeal rights he may have enjoyed under Mercy's medical staff bylaws.

After an incident in Mercy's ER on April 6, 2003, in which the petitioner allegedly assaulted a patient, Mercy informed the petitioner, on April 14, 2003, that it was suspending his medical staff privileges and advised him, inter alia, that pursuant to its bylaws and upon his request, he was entitled to a fair hearing before an ad hoc committee to review the suspension. On April 18, 2003, the petitioner requested a hearing. However, on April 25, 2003, LIEC terminated the petitioner, informing him that pursuant to section 2.9 of the employment agreement, the termination deemed him to have resigned his medical staff privileges at Mercy, which stripped him of his right to a fair hearing before an ad hoc committee. On April 28, 2003, Mercy denied the petitioner's request for a fair hearing because of LIEC's termination.

The petitioner thereafter commenced this proceeding pursuant to CPLR article 78, inter alia, to direct Mercy to form an ad hoc committee to conduct a fair hearing, to declare section 2.9 of the employment agreement null and void, and to declare the entire agreement void as a contract of adhesion. LIEC and

Mercy moved, inter alia, to dismiss the petition on the grounds that Public Health Law § 2801-b required the petitioner to first seek review before the Public Health Council (hereinafter PHC) and that the proceeding sounded in contract, thereby rendering the proceeding improper.

The Supreme Court denied the motion and granted the petition insofar as it directed Mercy to convene the requested ad hoc fair hearing. Thereafter, LIEC and Mercy moved for reargument, which the Supreme Court granted, vacating its original determination and holding that it had erred, inter alia, in granting the petitioner primary relief without determining whether to nullify or uphold section 2.9 of the employment agreement. The Supreme Court adhered to so much of its original determination as rejected the contention of LIEC and Mercy that the petitioner was first required to seek review before the PHC. The court also determined that the petitioner raised an issue as to whether the employment agreement was void as a contract of adhesion, effectively rejecting the argument of LIEC and Mercy that section 2.9 of the employment agreement rendered the petitioner's request for a fair hearing academic, and, upon reargument, adhered to its original determination denying the motion to dismiss the petition.

The petitioner does not seek reinstatement of his medical staff privileges, but a fair hearing pursuant to Mercy's bylaws. Accordingly, he was not required to first seek review with the Public Health Council (*see* Public Health Law § 2801-b; *cf. Gelbard v Genesee Hosp.*, 87 NY2d 691 [1996]). Nevertheless, the gravamen of the dispute actually sounds in contract, because even if the petitioner were to prevail at a fair hearing, his medical staff privileges at Mercy could not be restored until either the agreement or section 2.9 thereof is declared void. Accordingly, this dispute cannot be resolved in a CPLR article 78 proceeding (*see Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1 [1997]; *Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498 [2000]; *Matter of Hertz v Rozzi*, 148 AD2d 535 [1989], *affd* 74 NY2d 702 [1989]; *Matter of Corbeau Constr. Corp. v Board of Educ., Union Free School Dist. No. 9*, 32 AD2d 958 [1969]). Under the circumstances, we convert this proceeding into a civil action for a judgment declaring that either the entire agreement or section 2.9 thereof is void, and treat the notice of petition and the petition as a summons and complaint (*see* CPLR 103 [c]; *Matter of Hertz v Rozzi, supra*).

Furthermore, we grant the motion to dismiss the action. The petitioner's contention that section 2.9 of the agreement should be declared null and void is without merit (*see Gelbfish v*

*Maimonides Med. Ctr.,* 184 AD2d 614 [1992]; *Del Castillo v Bayley Seton Hosp.,* 172 AD2d 796 [1991]). Additionally, the petitioner has failed to set forth grounds by which the agreement could be declared void as a contract of adhesion. The petitioner does not allege that he was unable to read or understand the agreement or that he did not have the option of seeking employment elsewhere (*see Morris v Snappy Car Rental,* 84 NY2d 21 [1994]; *Brower v Gateway 2000,* 246 AD2d 246 [1998]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.