Porcari v Griffith (2019 NY Slip Op 00918)





Porcari v Griffith


2019 NY Slip Op 00918


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08926
 (Index No. 50259/17)

[*1]Lawrence A. Porcari, et al., respondents,
v
Marcus A. Griffith, etc., et al., appellants.


Lyons McGovern LLP, White Plains, NY (Desmond C. B. Lyons and Diane B. Cavanaugh of counsel), for appellants.
Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Jeffrey D. Buss and Nancy Durand of counsel), for respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 5, 2017. The order granted the plaintiffs' motion for a preliminary injunction.
ORDERED that the order is affirmed, with costs.
In 2016, the plaintiffs were appointed to certain local offices by the Mayor of the City of Mount Vernon. On December 23, 2016, the Mount Vernon City Council enacted, over the Mayor's veto, an ordinance "declaring" that the offices occupied by the plaintiffs were "vacant" pursuant to Code of the City of Mount Vernon § 50-38, which requires certain local officers, such as the Corporation Counsel and the Commissioner of the Department of Public Works, to be residents of the City. The ordinance further directed the City's Comptroller to immediately cease payment of salary and benefits to the plaintiffs. The Comptroller then ceased paying salary and benefits to the plaintiffs. The plaintiffs continued to perform the duties of their offices; however, the Comptroller refused to recognize the plaintiffs' signatures on documents such as settlement agreements entered into on behalf of the City and payroll time sheets for City employees.
In January 2017, the plaintiffs commenced this action for declaratory and injunctive relief against the members of the City Council and the Comptroller. The complaint alleged, inter alia, that the City Council exceeded its legislative authority in enacting the ordinance that declared that the offices held by the plaintiffs were vacant. At the same time that they commenced this action, the plaintiffs also moved, by order to show cause, for a preliminary injunction enjoining the defendants from suspending, terminating, or interfering with their salary and benefits, and from interfering in any way with their ability to perform their employment obligations and the provision of municipal services. The Supreme Court granted the plaintiffs' motion for a preliminary injunction, and the defendants appeal.
A "party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301). [*2]" The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion. Moreover, [i]n the absence of unusual or compelling circumstances, [the] court[s] [are] reluctant to disturb said determination'" (19 Patchen, LLC v Rodriguez, 153 AD3d 1382, 1383, quoting Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942).
Here, the plaintiffs demonstrated a likelihood of success on the merits on their claim that the City Council improperly performed a judicial function by enacting the ordinance at issue "declaring" that the local offices were vacant pursuant to Code of the City of Mount Vernon § 50-38 (see CPLR 3001; Charter of City of Mount Vernon § 32). The plaintiffs also demonstrated a danger of irreparable injury in the absence of an injunction, and that the equities balance in their favor (see Bashian & Farber, LLP v Syms, 147 AD3d 714, 717; Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717, 721-722; De Pina v Educational Testing Serv., 31 AD2d 744, 745). Accordingly, we agree with the Supreme Court's determination to grant the plaintiffs' motion for a preliminary injunction.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court