Matter of Williams v Town of Carmel (2019 NY Slip Op 06160)





Matter of Williams v Town of Carmel


2019 NY Slip Op 06160


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-01369
 (Index No. 5000595/17)

[*1]In the Matter of Michael Williams, et al., appellants,
v
Town of Carmel, respondent.


Frumkin & Hunter LLP, White Plains, NY (William D. Frumkin, Elizabeth E. Hunter, and Jordan M. Kaplan of counsel), for appellants.
Costello & Folchetti, LLP, Carmel, NY (Gregory L. Folchetti of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Carmel regarding unused sick time, the petitioners appeal from a judgment of the Supreme Court, Putnam County (Paul I. Marx, J.), dated December 14, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying the petition and dismissing the proceeding, and adding thereto a provision converting the proceeding into an action for a declaratory judgment, and deeming the notice of petition to be the summons and the petition to be the complaint (see CPLR 103[c]), and declaring that the petitioners are not entitled to payment for unused sick time under the terms of a memorandum of agreement entered into on February 15, 2017, between the Town of Carmel and the Town of Carmel Police Benevolent Association; as so modified, the judgment is affirmed, with costs to the respondent.
The petitioners, Michael Williams and Gary Johnson (hereinafter together the retirees), are retired employees of the Town of Carmel Police Department, who retired, respectively, on March 28, 2015, and April 28, 2016. Together they commenced this proceeding pursuant to CPLR article 78 against the Town of Carmel alleging that the Town's refusal to pay them for unused sick time under the terms of a memorandum of agreement (hereinafter the agreement) that was entered into between the Town and the Town of Carmel Police Benevolent Association on February 15, 2017, was arbitrary and capricious. The Town served an answer and opposed the petition. In a judgment dated December 14, 2017, the Supreme Court, inter alia, agreed with the Town's argument that there had been no final and binding determination by the Town that is subject to judicial review pursuant to CPLR article 78 as to whether the retirees are entitled to payment for unused sick time under the terms of the agreement. The retirees appeal.
"[A] CPLR article 78 proceeding is not the proper vehicle to resolve contractual rights" (Matter of Hertz v Rozzi, 148 AD2d 535, 536, affd 74 NY2d 702; see Matter of Sandhu v [*2]Mercy Med. Ctr., 35 AD3d 479, 481). A proceeding brought in an improper form does not necessarily warrant dismissal since CPLR 103(c) authorizes the court to "make whatever order is required for its proper prosecution" (see Matter of Hertz v Rozzi, 148 AD2d at 536). Where appropriate, a matter may be converted into one for a declaratory judgment (see Matter of Sandhu v Mercy Med. Ctr., 35 AD3d at 481; Matter of Hertz v Rozzi, 148 AD2d at 536).
Under the circumstance of this case, the Supreme Court should have converted the proceeding into a civil action for a declaratory judgment and deemed the notice of petition and petition to be a summons and complaint (see CPLR 103[c]; Matter of Sandhu v Mercy Med. Ctr., 35 AD3d at 481; Matter of Hertz v Rozzi, 148 AD2d at 536).
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Beardslee v Inflection Energy, LLC, 25 NY3d 150, 157). "It is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (NML Capital v Republic of Argentina, 17 NY3d 250, 259-260; see Beardslee v Inflection Energy, LLC, 25 NY3d at 157). Likewise, a contract should not be read so as to render any term, phrase, or provision meaningless or superfluous (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374; Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y., 94 NY2d 398, 404).
"A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (Greenfield v Philles Records, 98 NY2d at 569, quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355).
Here, the retirees' contention that they are entitled to be paid for unused sick time pursuant to Article X, Section 4, of the agreement is refuted by the unambiguous terms contained in that section of the agreement (see Matter of Hertz v Rozzi, 148 AD2d at 536-537; Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1114). Specifically, the disputed provision at issue sets forth that its terms apply upon "effective ratification [of the agreement]" and thus would be applicable only to those individuals who retire after the effective date of the agreement (emphasis added). Pursuant to the foregoing provision, since the retirees each retired before the effective date of the agreement, they are not entitled to payments for unused sick time under the terms of the agreement.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court